**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JIMMY SCOTT** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-199-SDD-SDJ** |
| **WILLIAM SWEAT** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIMMY SCOTT                                                              CIVIL ACTION NO.

VERSUS                                                                        23-199-SDD-SDJ

WILLIAM SWEAT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of William Sweat, who is representing himself and is confined at the Eastern Louisiana Mental Health System.[1] The Complaint is subject to screening under 28 U.S.C. § 1915A, and pursuant thereto, it is recommended that Sweat's claims be dismissed for failure to state a claim and as legally frivolous; it is further recommended that the Court decline to exercise jurisdiction over potential state law claims.

### I.  Background

Sweat instituted this action on or about March 14, 2023, against Jimmy Scott[2] alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[3] Sweat seeks injunctive and monetary relief.[4]

### II.  Law & Analysis

#### a.  Standard of Review

Pursuant to 28 U.S.C. § 1915A, this Court is required to, as soon as practicable after docketing, dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails

---

[1] R. Doc. 1.
[2] Sweat incorrectly labeled the names of the parties and listed himself as the Defendant and Jimmy Scott as Plaintiff.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 2.

to state a claim upon which relief may be granted. The ability of a court to dismiss an action as frivolous under 28 U.S.C. § 1915A is not dependent on the prisoner plaintiff proceeding as a pauper, and the fact that Plaintiff is not proceeding as a pauper in this action does not prevent the dismissal of his action as frivolous.[5] The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Sweat has sued government officials and employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under § 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[6] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiffs' claim.[10]

---

[5] *See Scroggins v. Stokes*, Civil Action No. 15-cv-2711, 2016 WL 1170097, at *1 (W.D. La. Jan. 6, 2016) ("Both § 1915(e)(2)(B) and § 1915A provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.").
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### b. Sweat Cannot State a Claim Arising from Stealing from His Accounts

Sweat alleges that Scott has been stealing money from him, presumably from his inmate accounts. Pursuant to well-established federal jurisprudence, an unauthorized negligent, or even intentional, wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[15] The same rationale applies to money taken from inmate accounts.[16]

Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[17] Here, Sweat has not alleged that state post-deprivation remedies are unavailable or are inadequate. To the contrary, Louisiana law provides a basis for Sweat to proceed

---

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."
[16] *Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020) ("a state actor's unauthorized deprivation of an inmate's prison account funds does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (internal quotation marks and citations omitted).
[17] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*).

against Defendant for recovery of the allegedly stolen funds.[18]  Accordingly, Sweat fails to state a federal claim for the loss of money from his inmate accounts.

### c. Sweat Cannot State a Claim for his Detention

Sweat states, as a claim, "holding me won't let me go."[19]  Because the sole factual allegation in this claim is that someone, presumably Defendant, is "holding" Sweat, he does not state a claim.  Presumably, Sweat is alleging that he is being illegally detained, since he requests to be "let…go."[20]  A § 1983 Complaint is not the proper action for such a claim; rather, a claim seeking release from confinement must be pursued in a habeas corpus proceeding.[21]  Accordingly, this claim is also subject to dismissal.[22]

### d. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Sweat seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.   Having recommended that Sweat's federal claims be dismissed for failure to state a

---

[18] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims.  La. Admin. Code tit. 22, Part I(L).  If it is established that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property.
[19] R. Doc. 1, p. 2.
[20] R. Doc. 1, p. 2.
[21] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also*, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 498 ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").
[22] Interpreting this Complaint as one brought pursuant to § 2254 would be fruitless, as Sweat has not provided an iota of information regarding why he thinks he is entitled to be released.  R. Doc. 1.

claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that William Sweat's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims, and that the case be **CLOSED**.[23]

Signed in Baton Rouge, Louisiana, on April 30, 2024.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.